IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-3294 RMR

COLORADO CONSERVATION ALLIANCE,
a Colorado Nonprofit Corporation,
CHRISTOPHER JURNEY,
and MICHAEL CLARK,

  Petitioners,

v.

UNITED STATES FISH AND WILDLIFE SERVICE,
COLORADO PARKS AND WILDLIFE COMMISSION,
COLORADO DIVISION OF PARKS AND WILDLIFE,
DAN GIBBS, in his official capacity as Executive Director
of the Colorado DEPARTMENT OF NATURAL RESOURCES,
and JEFF DAVIS, in his official capacity as Director of
COLORADO DIVISION OF PARKS AND WILDLIFE.

  Respondents.

and

DEFENDERS OF WILDLIFE, CENTER FOR BIOLOGICAL
DIVERSITY, HUMANE SOCIETY OF THE UNITED STATES,
WESTERN WATERSHEDS PROJECT AND WILDEARTH
GUARDIANS,

  Respondent Intervenors.

**PETITIONERS' SECOND MOTION FOR RELIEF FROM ORDER ON MOTIONS TO DISMISS AND MEMORANDUM IN SUPPORT**

  Petitioners Colorado Conservation Alliance, Inc. ("CCA"), Christopher Jurney, and Michael Clark (collectively the "Petitioners") hereby notify the Court that they bring this Second Motion to respectfully request the Court to relive Petitioners from the Court's

1

Order granting Respondents' Motion[1] to Dismiss as to Count II of Petitioners' Amended Complaint pursuant to Fed. R. Civ. P. 60(b). ECF Nos. 38-2 (First Amended Complaint); 46 (State Respondents' Motion to Dismiss Counts II, III, and IV of Petitioners' Amended Complaint); 76 (Order on Motions to Dismiss).

This Second Motion concerns the 2024-2025 Colorado Gray Wolf Annual Report published by Colorado Parks and Wildlife ("Annual Report"), and specifically the portion providing that that the United States Fish and Wildlife Service ("USFWS") provided Colorado Parks and Wildlife with a Wolf Compensation and Conflict Mitigation Grant in the amount of $75,000.00, and that Colorado received an additional 2.5 million dollars from the NRCS Regional Conservation Partnership Program—"Stewarding the Working Wild" award between April 1, 2024 and March 31, 2025. Pet'rs. Appx. at 11. Petitioners note that on November 21, 2024, they filed their original Motion for Relief from Order on Motions to Dismiss and Memorandum in Support. ECF No. 87. That Motion concerned the 2023-2024 Colorado Gray Wolf Annual Report published by Colorado Parks and Wildlife, and specifically the portion providing that USFWS provided Colorado Parks and Wildlife with a Wolf Compensation and Conflict Mitigation Grant in the amount of $109,000.00 during its first year of wolf introductions. *Id*; *see also* ECF No. 88-1 at 10. The Court has not yet ruled on that Motion.

---

[1] The State Respondents—Colorado Parks and Wildlife Commission, Colorado Division of Parks and Wildlife, Dan Gibbs, and Jeff Davis (collectively "CPW" or the "State Respondents")—were the only parties that moved to dismiss Count II. *See* ECF Nos. 41; 42; 43; 46.

This Second Motion, concerning the 2024-2025 Annual Report, involves many of the same—and, in most instances, identical—arguments. To ensure that they do not run afoul of D.C. Colo. L. Civ. R. 7.1(i)—providing that Motions must be concise and must not be redundant—Petitioners incorporate the arguments contained in their original Motion for Relief from Order on Motions to Dismiss and Memorandum in Support as if fully set out herein and as if applied to the 2024-2025 Annual Report (and specifically the portion of the 2024-2025 Annual Report providing that USFWS provided Colorado Parks and Wildlife with a Wolf Compensation and Conflict Mitigation Grant in the amount of $75,000.00, and that Colorado received an additional 2.5 million dollars from the NRCS Regional Conservation Partnership Program—"Stewarding the Working Wild" award between April 1, 2024 and March 31, 2025). ECF Nos. 87, 88-1. This Motion is in addition to and supplementary to their original Motion. Petitioners met and conferred with all opposing counsel regarding this Motion via email on July 30, 2025. Pet'rs. Appx. at p. 2, ¶ 5 (Declaration of Gary R. Leistico, hereinafter "Leistico Decl."). All Respondents and Respondent-Intervenors oppose this Motion. *Id.* Petitioners briefly and respectfully note the following regarding the instant Motion.

## **ARGUMENT**

I. **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND THE ARGUMENTS PRESENTED IN PETITIONERS' ORIGINAL MOTION FOR RELIEF FROM ORDER (ECF NO. 87), THIS COURT SHOULD RELIEVE PETITIONERS FROM THIS COURT'S ORDER (ECF NO. 76) DISMISSING COUNT II OF PETITIONERS' FIRST AMENDED COMPLAINT.**

To briefly reiterate the legal standard for the Court's convenience, under Federal

Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons. Fed. R. Civ. P. 60(b). The second reason is for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *Id.* The third reason is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Id.* A Rule 60(b) motion must be made within a "reasonable time," but generally no more than a year following the order. Fed. R. Civ. P. 60(c)(1). To obtain relief under Fed. R. Civ. P. 60(b)(2), "the moving party must show: '(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.'" *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005). Additionally, regarding Fed. R. Civ. P. 60(b)(3), "the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (citing *Wilkin v. Sunbeam*, 466 F.2d 714, 717 (10th Cir. 1972)).

Here, in addition to and supplementary to the arguments presented in Petitioners' Original Motion (ECF No. 87), this Court should grant Petitioners' Motions for the following reasons. First, Petitioners satisfy all criteria for relief under Fed. R. Civ. P. 60(b)(2). Petitioners discovered the 2024-2025 Annual Report on July 21, 2025; less than a month

after the report was released on June 27, 2025. Pet'rs. Appx. at p. 2, ¶ 4 (Leistico Decl.). After reviewing and researching the same, strategizing, and conferring with opposing counsel, this Motion followed. Pet'rs. Appx. at p. 2, ¶¶ 4-5 (Leistico Decl.). Accordingly, Petitioners were diligent in discovering the new evidence; the evidence was discovered after the Order on Motions to Dismiss was issued (ECF No. 76 (dated October 10, 2024)); and this Rule 60(b) Motion is made prior to a year after the Order on Motions to Dismiss was issued.

Moreover, this new evidence substantially bolsters the reasons discussed in Petitioners Original Motion (ECF No. 87) regarding why this evidence is not merely cumulative nor impeaching; why this newly discovered evidence is material; and why a new trial with this newly discovered evidence would probably produce a different result. Specifically, with the 2024-2025 Annual Report, there is now concrete evidence before this Court that USFWS provided Colorado with $184,000.00 in federal funds to support the wolf introduction effort during its first two years, *and* Colorado is utilizing **2.5 million dollars** from the United States Department of Agriculture—Natural Resources Conservation Service ("NRCS") as part of its wolf introduction and management efforts to "incentivize management practices such as exclusion fencing (electric fence/fladry), carcass management, range riding, and monitoring" during its second year of wolf introductions. Pet'rs. Appx. at 11.[2] Based upon information regarding the Regional

---

[2] According to information published by NRCS on its website, the Regional Conservation Partnership Program "is a partner-driven approach to conservation that funds solutions to natural resource challenges on agricultural land." Specifically, "[e]ligible organizations interested in partnering with NRCS on conservation projects can develop applications for the RCPP competition. The lead partner for an RCPP project is the entity that submits an

5

Conservation Partnership Program (*see* footnote 2), it appears that Colorado has partnered with an additional federal agency (USDA-NRCS) to fund, and attempt realize the objectives of its wolf introduction and management plan and C.R.S. § 33-2-105.8.

Again, this is additional evidence of significant, substantial, and pervasive federal involvement in Colorado's wolf introduction effort. With information regarding major federal funding supporting the wolf introduction effort, and as outlined in Petitioners' Original Motion (ECF No. 87), *every* factor is present to show that Respondents should have conducted an environmental analysis under the National Environmental Policy Act and the Administrative Procedure Act for wolf introduction in Colorado. There is significant federal funding, federal control (with actual power to control whether wolves can be moved into Colorado), federal responsibility, and federal involvement in the wolf introduction effort. *See e.g. Zeppelin v. Federal Highway Admin.,* 293 F.Supp.3d 1267, 1284 (D. Colo. 2017); *Ross v. Fed. Highway Admin.*, 162 F.3d 1046, 1051 (10th Cir. 1998). Petitioners respectfully request this Court to grant Petitioners relief from its Order dismissing Count II of Petitioners' First Amended Complaint pursuant to Fed. R. Civ. P. 60(b)(2).

Finally, regarding Fed. R. Civ. P. 60(b)(3), Petitioners reiterate that the State Respondents misrepresented that federal funding did not support wolf introduction in Colorado on numerous occasions as outlined in Petitioners' Original Motion. *See* ECF

---

application, and if selected for an award is ultimately responsible for collaborating with NRCS to successfully complete an RCPP project." Retrieved from: https://www.nrcs.usda.gov/programs-initiatives/rcpp-regional-conservation-partnership-program (last visited July 29, 2025).

6

No. 87 at 4-5. The evidence presented with this Motion and Respondents' Original Motion confirms that Colorado has obtained and/or utilized almost **2.7 million dollars**[3] from federal agencies within the first two years of the process to realize wolf introduction in Colorado. Colorado has confirmed in its Wolf Restoration and Management Plan that external funding was and is necessary to realize wolf introduction and its objectives. *See* FWS_0014087 ("…CPW must also be mindful that existing programs, funding, staffing, and resources are not sufficient to take on the new and significant responsibilities of <u>reintroducing</u> and managing wolves without sacrificing some other important threatened and endangered species efforts as well as other wildlife management responsibilities the agency currently conducts.") (emphasis added). This is not "extra" funding that Colorado was generously gifted; this is vital and necessary funding that required Colorado to work closely with and form partnerships with federal agencies to obtain to ultimately realize wolf introduction in Colorado. Accordingly, for these supplemental reasons in addition to the reasons outlined in Petitioners' Original Motion (ECF No. 87), Petitioners respectfully request this Court to grant Petitioners relief from its Order dismissing Count II of Petitioners' First Amended Complaint pursuant to Fed. R. Civ. P. 60(b)(3).

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request this Court to grant their Motion.

---

[3] $184,000.00 from USFWS and 2.5 million dollars from USDA-NRCS.

Respectfully submitted July 31, 2025.

    */s/ Gary R. Leistico*
Gary R. Leistico
Minnesota State Bar No. 24448X,
*Admitted in the U.S. District Court for the District of Colorado*
LEISTICO & ESCH, PLLC
P.O. Box 365
Clear Lake, MN 55319
Direct: (320) 267-6721
Fax: (763) 392-0757
Email: gleistico@leisticoesch.com

ATTORNEYS FOR PETITIONERS

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2025, I electronically served a true and correct copy of the foregoing PETITIONERS' MOTION FOR RELIEF FROM ORDER ON MOTIONS TO DISMISS by filing it with the Clerk of Court using the CM/ECF system.

*/s/ Gary R. Leistico*
Gary R. Leistico